```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

BRIAN CASEY,

               Plaintiff,

vs.                           Case No.   2:11-cv-580-FtM-29SPC

SHERIFF MIKE SCOTT; COLONEL ELLEGOOD; CAPTAIN HALL; LIEUTENANT LAFAYETTE; SGT. TRULOCK,

               Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Brian Casey, a pro se plaintiff, initiated this action while detained in the Lee County Jail by filing a Civil Rights Complaint (Doc. #1, Complaint), pursuant to 42 U.S.C. § 1983, and attached exhibits including, inter alia, inmate grievances and responses thereto.[1] Plaintiff seeks leave to proceed in forma pauperis in this action. See Doc. #2. Plaintiff also files a motion for class certification and motion to appoint counsel on behalf of the class. See Docs. #5, #6.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or

---

[1] Plaintiff did not use the form for section 1983 prisoner complaints and instead submits his Complaint on notebook paper.

fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the

-2-

screening language of § 1915A.² Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint

---

²Plaintiff seeks leave to proceed in forma pauperis in this action. Doc. #2. Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**II.**

Plaintiff files this action against Defendants from the Lee County Jail and the Sheriff of Lee County alleging violations of his "Fourth, Fifth, Sixth, and Fourteenth Amendment rights." See generally Complaint. Plaintiff specifically names as Defendants Sheriff Mike Scott, Colonel Ellegood, Captain Hall, Lieutenant Lafayette, and Sergeant Trulock. Complaint at 1-2.

The gravamen of the Complaint is that Plaintiff's ability to review the discovery from his pending criminal case has been encumbered. Id. According to the Complaint, the State Attorney's Office sent Plaintiff discovery at the Lee County Jail on February 7, 2011, which contained both "printed documents" and "digital media." Plaintiff alleges that he did not receive the printed documents for over two weeks and that the digital media was placed in his property storage at the jail. Id. at 2-3. Plaintiff further claims that of the discovery he has reviewed with his appointed attorney, some of the transcripts have been altered and detectives "compelled" a witness to answer. Id. at 4.

Additionally, Plaintiff complains that in his pending criminal case, the state court judge appointed him a defense attorney,

despite his requests to proceed *pro se* in his criminal case.  Id. As such, Plaintiff alleges he has been denied his Sixth Amendment right to self-representation and is being denied a fair and speedy trial.  Id. at 4-5.

As relief, Plaintiff seeks $1,500 in damages.  Id. at 6. Plaintiff also requests that the Lee County Sheriff's Office implement a policy requiring that pre-trial detainees, who are proceeding *pro se*, receive adequate opportunities to prepare their defense.  In other words, Plaintiff wants unlimited access to the discovery in his criminal case and "electronic devices capable of reading all digital media and computer discs in each cell."  Id. at 5.

### III.

Pursuant to § 1915, the Court finds this action is subject to dismissal for the following reasons.

### A.  Incomplete and/or Untruthful Response on Complaint

At the outset, the Court notes that Plaintiff submits in his Complaint that he has not "initiated any similar fact lawsuits in state or federal courts."  Complaint at 2.  Section IV, B on the civil rights complaint form, asks plaintiffs whether they have "initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof"?  Id. at 5. Indeed, Plaintiff did not submit his Complaint on the form, but he submitted his

Complaint using virtually the same format as the form. Moreover, Plaintiff is familiar with the instructions on the Civil Rights Complaint Form.

The Court takes judicial notice of Plaintiff's § 1983 actions previously filed before this Court: 2:09-cv-192 initiated March 31, 2009, and dismissed May 12, 2009; 2:09-cv-199, initiated April 6, 2009, and dismissed May 12, 2009; 2:09-cv-228, initiated April 17, 2009, and dismissed May 12, 2009; 2:09-cv-245, initiated April 24, 2009, and dismissed May 8, 2009; 2:11-cv-7, initiated January 10, 2011 and dismissed March 1, 2011; 2:11-cv-8, initiated January 10, 2011, and dismissed March 22, 2011; 2:11-cv-15, initiated January 14, 2011, and dismissed March 1, 2011. See pacer search.

The Courts have the authority to manage matters pending before them. This Court refuses to tolerate false responses or incomplete statements in any pleading or motion filed for consideration by the Court. The quality of justice is threatened when the Court cannot rely on statements and/or responses submitted by parties. Plaintiff has provided both false and incomplete responses on the Complaint *sub judice*. The Court finds Plaintiff's failure to provide truthful responses on the Complaint is an abuse of the judicial process.

In particular, Plaintiff's false answers on the complaint form effect the Court's ability to properly review the complaint under the Prison Litigation Reform Act ("PLRA"). See generally 28 U.S.C.

§ 1915. In part, the PLRA prohibits a prisoner from filing a § 1983 action and proceeding *in forma pauperis*, if on 3 or more prior occasions the prisoner filed an action or appeal that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Essentially, § 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Indeed, the United States Court of Appeals for the Eleventh Circuit found that a district court did not error by counting as one strike a dismissal of a complaint when a plaintiff committed perjury on the complaint form in response to the question of the existence of prior lawsuits filed. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds Jones v. Bock, 127 S. Ct. 910 (2007). Specifically, the Eleventh Circuit noted that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned in drafting section 1915(g)." Therefore, Plaintiff's Complaint is subject to dismissal for failure to provide a complete and truthful response to the Court.

**B. Federal Rule of Civil Procedure 8**

The Court finds that the Complaint does not comply with Fed. R. Civ. P. 8(a)(2). Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must include "a short and plain statement of the claim

showing that the pleader is entitled to relief." The purpose of this requirement is to supply the defendant with fair notice as to the nature of the claim and the grounds upon which the claim rests. Twombly, 550 U.S. at 552. Plaintiff's Complaint does not provide sufficient facts to satisfy the basic pleading requirements of Rule 8(a)(2). Specifically, the Complaint does not allege how each Defendant violated Plaintiff's rights. See generally Complaint. Instead, the Complaint generally alleges constitutional violations stemming from the delay in receiving certain discovery in his underlying criminal case from jail officials, but does not allege how each Defendant participated in this alleged violation. Thus, the Court finds the Complaint subject to dismissal pursuant to Fed. R. Civ. P. 8(a)(2).

### C. Failure to State a Claim

Despite Plaintiff's allegations that Defendants have violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution, the Court cannot conceive of any violation of these amendments based on the allegations in the Complaint and exhibits thereto. At most, liberally construing the Complaint, the Complaint attempts to set forth an access to the court claim under the First Amendment.

Prisoners have a clearly established constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Barbour v. Haley, 471 F.3d 1222,

1225 (11th Cir. 2006). The Supreme Court in Bounds made clear that institutions must make sure that inmates have "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825. Thus, the protected constitutional right is access to the courts, not access to a law library, or in this case, unlimited review of discovery materials. Lewis, 518 U.S. at 351 (noting to the extent prisoners have a right of access to the law library, the right is dependent on their right to access to the courts).

Further, "the doctrine of standing requires that an inmate alleging a violation of this right must show an actual injury." Cline v. Tolliver, No. 10-13444, ___ F. App'x ___, 2011 WL 2749566, * 2 (11th Cir. July 14, 2011) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). "In order to show actual injury, a plaintiff must provide evidence that prison officials' actions impeded the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct appeal, habeas petition, or civil rights case. Cline, 2011 WL 2749566 * 2 (citing Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008)). The Complaint contains no allegations that Plaintiff has such a pending legal claim.

A review of the attached inmate grievances reveals that a computer disc dated February 28, 2011, was placed in Plaintiff's property storage at the county jail. This computer disc apparently

-9-

contains information related to Plaintiff's criminal case, specifically taped statements from some four individuals and taped "jail calls" apparently from Plaintiff to a person. Doc. #1-1 at 2. In response to Plaintiff's request to view this computer disc, Defendant Lieutenant Lafayette told Plaintiff that he would not "be able" to view it and that he should ask the assistant state attorney to provide him with copies of the documents on the computer disc. <u>Id.</u> at 3. Thus, it is clear that Plaintiff has had an opportunity to view some of the discovery and informed about how to get the information from the disc. Moreover, Plaintiff acknowledges that appointed counsel is representing him in his criminal case.

To the extent Plaintiff has any concerns about his pending criminal trial, or alleges violations of his right to a speedy trial, Plaintiff should discuss those concerns with his appointed defense attorney and raise such issues in the State court. This Court will abstain from exercising jurisdiction in these matters while Plaintiff's criminal trial is pending. "Attentive to principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." <u>Jackson v. Georgia</u>, 273 F. App'x 812, 813 (11th Cir. 2008)(citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971)). This Court may not interfere with the state criminal proceedings unless:

(1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (1972)(citing Younger, 401 U.S. at 46-54). None of these exceptions are present in this case.

**D. Class Certification and Appointment of Counsel**

To the extent Plaintiff wishes to obtain class certification, a party must satisfy all four of the threshold requirements set forth in Rule 23(a), Federal Rules of Civil Procedure, and then show that the action is maintainable under at least one of the three provisions of Rule 23(b).[3] Plaintiff has not made the necessary showing required to obtain class certification. At a minimum, as laymen, Plaintiff does not possess the legal training and expertise necessary to protect the interests of the class. Nor has Plaintiff established extraordinary circumstances to warrant

---

[3]The four threshold requirements are (1) numerosity: the class is so numerous that joinder of all members is impractical; (2) commonality: questions of law or fact are common to the class; (3) typicality: the representatives of the class present claims or defenses that are typical of the class; (4) adequacy: the representatives of the class will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b) requires a party to show that either (1) prosecution by separate actions would create a risk of inconsistent results; or (2) defendants have acted in ways generally applicable to the class, making declaratory or injunctive relief appropriate; or (3) common questions of law or fact predominate over individual issues.

the appointment of counsel in this case. Therefore, the Court denies Plaintiff's motion for class certification and appointment of counsel. Moreover, these motions are moot because the Court finds this action subject to dismissal under § 1915.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is **DENIED**.

2. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to § 1915 for the reasons set forth above.

3. Plaintiff's motion to certify class (Doc. #5) and motion to appoint class counsel (Doc. #6) are **DENIED**.

4. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __25th__ day of October, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record